IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHENEKA NOBLES, in her capacity
as Personal Representative for the
Estate of Emma Nobles,

       Plaintiff,

vs.                           CASE NO.: 4:07cv288-SPM/WCS

CORRECTIONS CORPORATION
OF AMERICA,

       Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This cause comes before the Court on Defendant's 12(b)(6) motion to dismiss (doc. 10) and Plaintiff's response (doc. 14).  The complaint contains one count for the wrongful death of Emma Nobles on December 15, 2005, while in the custody of the Gadsden Correctional Facility.  Plaintiff alleges that Defendant Corrections Corporation of America operated the Gadsden Correctional Facility and negligently failed to secure or provide medical treatment for Emma Nobles.

Defendant seeks dismissal on grounds that Plaintiff failed to comply with the medical malpractice prescreening requirements of §§ 766.106 and 766.203, Fla. Stat., and on grounds that the decedent's parents are not "survivors" within

the meaning of Florida's wrongful death statutes, §§ 768.18 and 768.21, Fla.

Stat.   For the following reasons, the motion to dismiss will be denied in part and

granted in part.

## 1.      Medical Negligence

The Court agrees with Defendant that Plaintiff cannot maintain a claim

using the medical negligence standard of care without compliance with the

medical malpractice prescreening requirements of sections 766.106 and

766.203, Florida Statutes.  Delnegro v. Prison Health Services, Inc., No.

6:07cv1711-Orl-28DAB, 2007 WL 3340397 at *1-2 (Nov. 9, 2007); Integrated

Health Care Services v. Lang-Redway, 783 So.2d 1108 (Fla. 2d DCA 2001).

This is so even if Defendant is not a health care provider because Plaintiff seeks

to hold Defendant vicariously liable under the medical negligence standard of

care in section 766.102, Florida Statutes.   Weinstock v. Groth, 629 So. 2d 835,

837-38 (Fla. 1993).  Accordingly, to the extent Plaintiff's complaint contains a

claim relying on the medical negligence standard of care, the claim is dismissed

for failure to comply with the prescreening requirements of sections 766.106 and

766.203, Florida Statutes.

## 2.      Ordinary Negligence

Despite the dismissal of any medical negligence claim, the complaint

contains sufficient allegations to state a claim for ordinary negligence in the

failure to secure appropriate medical treatment for Emma Nobles while she was

CASE NO.: 4:07cv288-SPM/WCS

incarcerated.  See Horst v. Parker, No. 6:07-cv-612-Orl-19KRS, 2007 WL

4557243, at *2-3 (M.D. Fla. Dec. 21, 2007); Rolle v. Brevard County, No. 6:06-

cv-714-Orl-19JGG, 2007 WL 328682, at *10-11 (M.D. Fla. Jan. 1, 2007);

Ferguson v. Perry, 593 So.2d 273, 277 (Fla. 5th DCA 1992); Kelley v. Rice, 670

So. 2d 1094, 1096-97 (Fla. 2d DCA 1996).  Compliance with the prescreening

requirements are not required for an ordinary negligence claim.  Kelley 670 So.

2d at 1096-97.  The allegations in Plaintiff's complaint plausibly state a claim for

ordinary negligence so as to survive a motion to dismiss for failure to state a

claim.  Bell Atlantic Corp. v. Twombley, ___ U.S. ___, 127 S.Ct. 1955, 1966

(2007).  Accordingly, Defendant's motion to dismiss will be denied as to any

ordinary negligence claim.

**3.      Parents as "survivors"**

Defendant contends that the decedent's parents are not survivors, and are

thus barred from recovery on Plaintiff's wrongful death claim.  This argument is

only partially correct.  Florida's wrongful death statute includes "parents" within

the definition of "survivors" although, as Plaintiff concedes, decedent's parents

cannot recover for mental pain and suffering because the deceased is an adult

child who has other survivors.  §§ 768.18(1), 768.21, Fla. Stat.  Nevertheless, the

parents are appropriately included in the complaint as survivors because they are

potential beneficiaries of medical and funeral expenses[1] under section 768.21(5),

Florida Statutes.  Accordingly, Defendant's motion to dismiss as to this ground is

denied.

Based on the forgoing, it is

ORDERED AND ADJUDGED:

1.      Defendant's motion to dismiss (doc. 10) is granted as to Plaintiff's

claim for medical negligence.

2.      Defendant's motion to dismiss (doc. 10) is denied as to Plaintiff's

claim for ordinary negligence and as to the decedent's parents.

DONE AND ORDERED this 12th day of March, 2008.

_s/ Stephan P. Mickle_____

Stephan P. Mickle
United States District Judge

---

[1]  Defendant also argues for dismissal on grounds that Plaintiff has not properly pleaded damages.  Defendant, however, does not explain this argument and the Court is unable to determine that dismissal is warranted.  Under Florida law, burial and funeral expenses are considered special damages that must be pleaded if they are to be recovered.  City of Coral Gables v. Neill, 182 So. 432 (Fla. 1938).  It is unclear, however, if the same requirement is encompassed by Federal Rule of Civil Procedure 9(g).  See Leavit v. Cole, 291 F.Supp.2d 1338, 1344-45, n.9 (M.D. Fla. 2003) (narrowly reading Rule 9(g) in light of modern concepts of notice pleading and initial disclosure requirements under the Federal discovery rules).