IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHENEKA NOBLES, in her capacity
as Personal Representative for the
Estate of Emma Nobles,

    Plaintiff,

v.                               Case No.:  4:07cv288-SPM-WCS

CORRECTIONS CORPORATION OF,
AMERICA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause comes before the court on Defendant's motion for summary judgment (doc. 39) and Plaintiff's response (doc. 49). Pursuant to Northern District of Florida Local Rule 56.1, Defendant submitted a statement of undisputed facts (doc. 40). Although Plaintiff disputes some of the facts in this statement (doc 46), the disputed facts are not material. For the following reasons, the motion for summary judgment will be granted.

**I. Introduction**

Emma Nobles died of sepsis and multiple organ failure on December 15, 2005, at Capital Regional Medical Center in Tallahassee, Florida. She had been in custody since July 20, 2005, at the Gadsden Correctional Institution ("GCI"),

which Defendant manages and operates for the State of Florida. At the time of Emma Nobles' incarceration, she presented several current and prior medical conditions, including Diabetes, Hepatitis C, Thromboycytopenia, Hypertriglyceridemia, Syphillis, and drug, tobacco, and alcohol use[1]. Plaintiff, Sheneka Nobles, is Emma Nobles' daughter and the personal representative of her estate.  She is suing for wrongful death.

## II.  Legal Standard

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue of fact is "material" if it might affect the outcome of the case under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Id. Essentially, if there is no evidence in the summary judgment record that would allow a rational factfinder to find for the plaintiff by a preponderance of the evidence, then the motion for summary judgment must be granted. Id. at 254.

The governing substantive law drives the outcome of this case. Plaintiff is not pursuing a case of medical malpractice.[2]  This case is proceeding under a

---

[1] Medical Record, p. 158-60; pp. 361, 364, 366 (doc. 39-5, 39-20, and 39-21).
[2] See Order Denying in Part and Granting in Part Motion to Dismiss (doc. 33).

Case No.: 4:07cv288-SPM-WCS

theory of ordinary negligence based on the duty of care that a prison official owes to incarcerated individuals.  Ferguson v. Perry, 593 So. 2d 273, 277 (Fla. 5th DCA 1992).  In this context, courts have held that a prison official "will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick [person] over to a physician, or to those who will look after [the person] and see that medical assistance is obtained."  Ferguson v. Perry, 593 So. 2d at 277 n.5 (quoting section 314A of the Restatement (Second) of Torts, comment d.).

### III.  Analysis

Given the applicable duty of care, this case is decided on the access to and not the quality of health care that GCI provided to Emma Nobles. The undisputed facts in this case show that Emma Nobles was given regular access to medical care by both prison medical staff as well as outside consultants throughout her term of incarceration.  There are hundreds of pages of medical records documenting the treatment and examinations that Emma Nobles received.

Plaintiff marshals several facts to support the notion that in general GCI provided its inmates with inadequate access to health care. Even if Plaintiff's assertions are taken as true, the record shows that with respect to Emma Nobles specifically, GCI staff met the burden of giving first aid and taking reasonable steps to turn her over to a physician. Plaintiff also cites to instances where GCI

suffered from a lack of air conditioning, water, or at times both. Although these conditions are deplorable, Plaintiff has no evidence to show that the conditions deprived Emma Nobles of access to health care, and thus the conditions are not relevant to the standard of care that applies to Plaintiff's wrongful death claim.

Given the record in this case, no reasonable jury could find that Defendant failed to meet the minimal duty of care required of prison officials with respect to a prisoner's medical condition. It is tragic that Emma Nobles' MRSA was misdiagnosed, but that is a question of medical negligence, which Plaintiff has not pursued in this case. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's motion for summary judgment (doc. 39) is granted. The clerk shall enter judgment accordingly.

2. All pending motions are denied as moot.

DONE AND ORDERED this 23rd day of July, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge